

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

OCT - 7 2004

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| OSCAR VAZQUEZ CHAVEZ | * |
| Plaintiff, | * |
| vs. | * CASE NUMBER  C I V U 4- 4 1 6 5 |
| LOISEAU CONSTRUCTION, INC. a corporation, and JAMES R. LOISEAU, an individual, and SHAW LOISEAU, an individual, | * **COMPLAINT** |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW, the Plaintiff, Oscar Vazquez Chavez, by and through his attorney of record, and for his Complaint against the Defendants, Loiseau Construction, Inc., a corporation; James R. Loiseau, an individual; and Shaw Loiseau, an individual, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the laws of the United States, particularly under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. including § 703 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(1)-(2), and/or in the alternative, the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1324b(a) (1)the Civil Rights Act of 1871, 42 U.S.C. § 1981 and/or Civil Rights Act of 1866, 42 U.S.C. § 1982.

2. This Court has jurisdiction over this action under the provision of 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over pendent state law

1

claims alleged herein pursuant to 28 U.S.C. § 1367. The actions of Defendants in discriminating against Plaintiff on the basis of national origin constitute unlawful discrimination. The Plaintiff timely filed a complaint of discrimination with the South Dakota Division of Human Rights.

3.   On or about December 24, 2003, Plaintiff timely submitted a Charge of Discrimination against Defendants on the basis of discrimination due to national origin to the U.S. Equal Employment Opportunity Commission (Hereafter referred to as "EEOC").

4.   A Notice of Right to Sue was issue by the EEOC and received by Plaintiff on July 14, 2004. A copy of this Notice is attached hereto as Exhibit "A" and incorporated herein by reference.

5.   Venue properly lies in the Southern Division of the District of South Dakota under 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e 5-(f)(3), since it is the district in which the claim arose and the acts alleged as a basis for federal claims took place within the boundaries of that District.

## THE PARTIES

6.   Plaintiff, Oscar Vazquez Chavez ("Chavez") is a 42 year old man of Mexican/Hispanic ancestry/origin, currently residing in Flandreau, South Dakota. At all times pertinent, Plaintiff was a permanent resident alien and within the jurisdictional coverage of Title VII of the Civil Rights Act.

7.   The Defendant Loiseau Construction, Inc., is a South Dakota corporation, currently in good standing, primarily engaged in the business of road construction, conducting business in Flandreau, South Dakota, with its registered office at 1002 W. Elm Avenue, Flandreau, Moody County, State of South Dakota; the Defendant James R. Loiseau is the owner of Loiseau Construction Inc., and is a director and officer of Loiseau Construction, Inc.; and the Defendant, Shaw Loiseau, son of Defendant James R. Loiseau,

2

is a director and officer of Loiseau Construction Inc., as well as acting as
supervisor for Plaintiff during all times pertinent to this action. Defendants
are within the jurisdictional coverage of Title VII of the Civil Rights Act.

## FACTS

8.  Plaintiff, Chavez, commenced employment with Loiseau Construction, Inc.,
    in Flandreau, South Dakota, from April , 2001. to November 2001 as an
    operator trainee earning approximately $13.25 an hour. The job consisted of
    operating heavy road construction equipment. After returning from Mexico
    in April of 2003, Plaintiff again began working again for Loiseau
    Construction.

9.  To the best of his knowledge, Plaintiff was the only Hispanic person
    employed by the Defendants. He was qualified for his position, had a good
    work ethic, and his performance met the Defendants' expectations. He was
    not subject to any formal discipline during his employment.

10. In late April of 2003, Plaintiff recommenced his employment with the
    Defendant Loiseau Construction, Inc., with the understanding he would
    continue as an operator trainee.

11. The Plaintiff's employment was work on a road construction project (SD-
    Hwy 20) for which  state and federal funding was involved.  Plaintiff's pay
    was now set at $11.38 per hour.

12. As of April. 2003, Plaintiff 's direct supervisor was Defendant. Shaw
    Loiseau.  Almost immediately after Plaintiff began working, Defendant
    Shaw Loiseau, began a pattern of harassment and discrimination toward
    Plaintiff which created a hostile work environment.  The harassment
    primarily targeted Plaintiff's national origin and was discriminatory in
    nature.

13. Soon after he had recommenced employment, Plaintiff was repeatedly

3

subjected to offensive discriminatory remarks and slurs about his ethnic origins. Most of the remarks came from his supervisor, Defendant Shaw Loiseau. These included telling Plaintiff he was stupid, that he was not to use the term "my friend" when talking to Defendant Loiseau because "I'm not your f_ _ _ing friend", asked whether he remembered the Alamo where the white people killed all the Mexicans, and while flexing his arm muscle, his supervisor stated "white people have the power here (U.S.)". Defendant Shaw Loiseau also told Plaintiff that he had a friend who could find somebody to kill Plaintiff for $1,000. Defendant Shaw Loiseau repeatedly called Plaintiff a "f_ _ _ing Mexican", and that he was "f_ _ _ing stupid" or "f_ _ _ing lazy". These remarks were usually made in front of his co-workers. Sometimes the co-workers would join in and make remarks about the border patrol or the feds coming. The remarks were offensive but there were no reprimands for these remarks.

14.     Over the course of the next few months, Defendant Shaw Loiseau continued to verbally abuse Plaintiff. For approximately three weeks, Plaintiff was transferred to another supervisor, who did not engage in discriminatory practices and who raised Plaintiff's pay to $13.25 an hour.

15.     Plaintiff was then transferred back to work on another road construction project (SD Hwy. 19) and again his supervisor was Defendant Shaw Loiseau. The Defendant Shaw Loiseau continued the harassment and abuse, calling the Plaintiff, Chavez, a mother-f_ _ _er, f_ _ _ing Mexican, son of bitch, stupid, and would demand to know "why did you come to the United States". On other occasions, Defendant Shaw Loiseau would berate Plaintiff for his English, telling him "speak English, this is America" or "you better learn more English" or "I don't understand your f_ _ _ing English. Why don't you learn more English?" or "why you so stupid, why

4

you not understand."

16.     Plaintiff complained to another supervisor and asked more than once to be transferred to a different crew under a different supervisor in order to stop the harassment. The request was denied. In the meantime, Plaintiff was told not to call the cell phone of his supervisor, Shaw Loiseau, with work questions, because when he (Plaintiff) called it was just wasting the minutes.

17.     Defendant Loiseau Construction has written rules, policies, and procedures, regarding EEOC policies of the company. Plaintiff's complaints were not investigated.

18.     Plaintiff owed Loiseau Construction money for advances made to him in Mexico. By mutual agreement, money was taken out of Plaintiff's paycheck to pay back the money. Defendant Shaw Loiseau was not involved in the transaction. Despite that, Shaw Loiseau would demand to know when Plaintiff was paying "his" money back.

19.     During the time Plaintiff worked on SD Hwy 19, Plaintiff had to operate the concrete saw without proper safety or traffic control. After two very close calls, Plaintiff requested someone to flag or control the traffic. The request was denied. No help was provided to him until a different supervisor came to the job site.

20.     Plaintiff was not given an opportunity to be an operator trainee after his return in April, 2003. Instead the jobs Plaintiff was given were much more menial in nature and mostly consisted of laying pipe. When Plaintiff asked for other job opportunities he was told that he was going to lay pipe because it was a job that had to be done or that there was nobody else to do it. When Plaintiff countered that no one else would do it, he was met with shrugs or told to do it.

21.   On October 7, 2003, Plaintiff was laying fabric with another employee, Tom. Defendant James Loiseau told Plaintiff and Tom the way he wanted the job done and then left. When their first attempts were unsuccessful, Tom said f _ _ _ it and insisted Plaintiff do the job Tom's way. Defendant James Loiseau, returned, discovered the job wasn't done as he had directed and stated words to the effect of 'listen or you will walk'. Plaintiff stated "see, I told you Thomas", whereupon Defendant James Loiseau slapped Plaintiff twice in the face.

22.   After the physical encounter on October 7, 2003, Chavez terminated his employment relationship with Loiseau Construction, Inc., finding the incident and numerous incidents before created a hostile work environment.

23.   Defendants also engaged in pay discrimination on a federal funded highway construction project.

## COUNT I

## TITLE VII: NATIONAL ORIGIN DISCRIMINATION

24.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as if specifically set forth herein.

25.   The above actions on the part of Defendants created a harassing and hostile work environment for Plaintiff that was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

26.   Loiseau Construction, failed in it duty to maintain a productive, safe working environment for Plaintiff. Loiseau Construction, James R. Loiseau and Shaw Loiseau failed to exercise reasonable care to prevent a discriminatory and hostile work environment in not having and enforcing workplace policies addressing multi-culturalism so that Plaintiff was made to endure hate and derogation at his workplace.

27.   As a result of the conduct of the Defendants Loiseau Construction, James

6

R. Loiseau and Shaw Loiseau, Plaintiff was forced to leave his employment due to a climate of discrimination and hostility he perceived there.

28.    As a direct and proximate result of the discrimination and hostile work environment the Plaintiff suffered, Plaintiff has been damaged in an amount to be determined by the jury.

29.    Additionally, the acts undertaken by Loiseau Construction, James R. Loiseau and Shaw Loiseau, were done with willful and callous disregard to the interest of Plaintiff, entitling the Plaintiff to an award of exemplary damages against them.

**COUNT II**

**42 U.S.C. § 1981 RACIAL DISCRIMINATION**

28.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 as if specifically set forth herein.

29.    The above actions on the part of Defendants created a harassing and hostile working environment for Plaintiff that was so severe and pervasive as to the alter the terms and conditions of Plaintiff's employment.

30.    Defendants Loiseau Construction, James R. Loiseau and Shaw Loiseau, failed to exercise reasonable care to prevent a discriminatory and hostile work environment and interferred with Plaintiff's opportunity for advancement, promotion, and did not even allow him to do the work for which he had been originally hired.

31.    Defendants Loiseau Construction, James R. Loiseau and Shaw Loiseau, failed to exercise reasonable care to prevent a discriminatory and hostile work environment and interferred with the proper amount of Plaintiff's hourly wage and payment.

32.    As a direct and proximate result of the discrimination and hostile work environment the Plaintiff suffered, Plaintiff has been damaged in an amount

7

to be determined by the jury .

33.    Additionally, the acts undertaken by Loiseau Construction, James R. Loiseau and Shaw Loiseau were done with willful and callous disregard to the interests of Plaintiff, entitling Plaintiff to an award of exemplary damages against them.

## COUNT III

## SOUTH DAKOTA HUMAN RELATIONS ACT

34.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 as if specifically set forth herein.

35.    The Defendant's conduct as articulated above constitutes discrimination in violation of SDCL § 20-13-10.

36.    Specifically, Plaintiff was made to endure a discriminatory and hostile working environment that was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

37.    Said discrimination was based on national origin.

38.    The Defendants failed to maintain a work environment free from epithets and hostile acts which violated Plaintiff's basic safety and civil rights, discriminating on the basis of national origin.

39.    As a direct and proximate result of the discrimination and hostile work environment, Plaintiff has been damaged in an amount to be determined by the jury.

40.    Additionally, the acts undertaken by Defendants were done with willful and callous disregard to the interest of Plaintiff, entitling Plaintiff to an award of exemplary damages against them.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 40 as if specifically set forth herein.

42.    Defendants Loiseau Construction, James R. Loiseau and Shaw Loiseau allowed a discriminatory and hostile work environment to take place, and their failure to actively promote, establish and maintain a work environment that is respectful of diversity constitutes extreme and outrageous conduct. Similarly, Loiseau Construction, James R. Loiseau and Shaw Loiseau's acts constituted extreme and outrageous conduct.

43.    By their acts and omissions, Defendants intended to cause Plaintiff severe emotional distress.

44.    As a direct and proximate cause of Defendant's extreme and outrageous conduct, Plaintiff has suffered an extreme disabling emotional response.

45.    As a further direct and proximate result of Defendant's intentional infliction of emotional distress upon Plaintiff, Plaintiff has been damaged in an amount to be determined by the jury.

46.    The acts undertaken by Defendants were done with willful and callous disregard to the interests of the Plaintiff, entitling Plaintiff to an award with exemplary damages against Loiseau Construction, James R. Loiseau and Shaw Loiseau.

## COUNT V.

## ASSAULT AND/OR BATTERY

47.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 46 as if specifically set forth herein and further alleges that:

48.    The Defendant, James Loiseau, acted with the intent to cause a harmful or offensive physical contact against Plaintiff, or the imminent apprehension of such contact, and the Defendant's conduct caused the Plaintiff to fear such contact would immediately occur; and that the Plaintiff did not consent to the physical contact.

49.     The incidents of Defendant James Loiseau's touching of Plaintiff were
        intended to and did cause offensive and unconsented to physical contact
        upon Plaintiff, amounting to battery upon Plaintiff and resulting in damage
        to him.

WHEREFORE, Plaintiff prays for relief as follows:

1.      That pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,
        Plaintiff hereby requests trial by jury of the issues in this action; and

2.      For compensatory damages in such amount as the evidence at trial may
        show; and

3.      For damages, including but not limited to, those damages allowed by 42
        U.S.C. §2000e *et seq*, and any other pertinent and applicable statute, rule, or
        regulation whether state or federal; and

4.      For an order awarding Plaintiff back pay and front pay; and

5.      That the Court enter judgment in favor of the Plaintiff on Plaintiff's claim
        arising under the South Dakota Human Relations Act; and

6.      That the Court enter judgment in favor of the Plaintiff on Plaintiff's claims
        of intentional infliction of emotional distress, assault, and/or battery; and

7.      For punitive damages in an amount determined at trial; and

8.      For costs and disbursements incurred herein, including prejudgment interest
        and reasonable attorney fees; and

9.      For any further relief the Court deems just in the premises.

Dated at Sioux Falls, South Dakota this ___ day of October, 2004.

                                        PIERSOL LAW FIRM


                                        Catherine V. Piersol
                                        Attorney for Plaintiff
                                        515 S. Cliff Avenue, Suite 200
                                        Sioux Falls, SD 57104
                                        (605) 339-0909