UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OSCAR VAZQUEZ CHAVEZ, | ) | CIV. 04-4165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| LOISEAU CONSTRUCTION, INC., a | ) | |
| corporation; JAMES R. LOISEAU, an | ) | |
| individual; and SHAW LOISEAU, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion for partial summary judgment [doc. #25] by the Defendants. All briefing is complete and this matter is ripe for disposition. For the following reasons, the Court grants the motion for partial summary judgment on the Plaintiff's claim for alleged injuries suffered during his employment with the Defendants. Also, the Court will construe a part of the Defendants' motion as a motion in limine, and will grant that motion with regard to the Plaintiff's expert witnesses.

**FACTUAL BACKGROUND**

Because the parties did not provide evidence with regard to the facts of this case, the Court must look to the Plaintiff's Complaint [doc. #1] for background information regarding this matter. Viewed in the light most favorable to the Plaintiff, the facts are as follows. The Plaintiff worked for the Defendants as a heavy road construction equipment operator. The Plaintiff left employment with the Defendants in November 2001 to go to Mexico. The Plaintiff returned from Mexico in April 2003 and again began working for the Defendants,

though not as an operator trainee as the Plaintiff had been promised.  At the time he returned, the Plaintiff owed Defendant Loiseau Construction a sum of money that was advanced to him while he was in Mexico.

The Plaintiff's supervisor, Defendant Shaw Loiseau, repeatedly subjected the Plaintiff to offensive discriminatory remarks, largely based on the Plaintiff's national origin.  The Plaintiff complained to another supervisor, who denied the Plaintiff's request to stop the discriminatory behavior.  The Plaintiff's complaints were not investigated.

While the Plaintiff was working on a project with another employee in October 2003, Defendant James Loiseau told the Plaintiff how he wanted the job done.  When the Plaintiff and the other employee had difficulty following James Loiseau's instructions, the other employee insisted they do the job the way the other employee wanted it done.  When James Loiseau returned, he discovered the job was not completed according to his instructions.  He told the Plaintiff to "listen or you will walk."  The Plaintiff turned to the other employee and stated, "I told you Thomas."  Upon hearing the remark, James Loiseau slapped the Plaintiff in the face.  The Plaintiff quit his job with Loiseau Construction.

## PROCEDURAL BACKGROUND

The Plaintiff filed his Complaint in this matter on October 4, 2004.  The Complaint makes claims for National Origin Discrimination under Title VII, Racial Discrimination under 42 U.S.C. § 1981, violation of the South Dakota Human Relations Act, Intentional Infliction of Emotional Distress, and Assault and Battery.  See doc. #1.  However, in the Complaint, the Plaintiff did not make a claim for damages for personal injuries suffered during the course of his employment.  The Plaintiff did not report any alleged injury to Loiseau Construction.  The

Plaintiff has not ever attempted to make a worker's compensation claim for the alleged injury, nor has he exhausted his administrative remedies on this claim with the South Dakota Department of Labor. Finally, the Plaintiff never disclosed a work-related injury when he filed his discrimination claims with the EEOC. However, in his statement of "undisputed" material facts, the Plaintiff, without citing evidence supporting the assertion, states he "has made a claim that personal injuries he suffered in the course and scope of his employment were unreported in one instance because of the hostile environment precipitated by discrimination against him because of his national origin, and the employer had actual knowledge of the other injury but did not report it, forming another act of discrimination." See doc. #31 ¶ 1.

     The evidence before the Court indicates that, during the discovery phase of this case, the Plaintiff did not provide the Defendants with anything more that the names and employment information for each of the Plaintiff's experts. The Plaintiff's disclosures to the Defendants have not included the proposed experts' qualifications; their rates of compensation; lists of cases in which the purported experts have testified; or a complete statement of opinions, date, or exhibits for any of the experts. The Plaintiff's only evidence in rebuttal is a set of three letters from Plaintiff's counsel to the Defendants' attorney. In those letters, counsel for the Plaintiff 1) states that she is willing to provide signed medical releases so counsel for the Defendants can obtain the Plaintiff's medical records, and 2) provides defense counsel with the identities of three experts. See doc. #32, Ex. 2.

     The Defendants seek summary judgment on claims the Plaintiff has never presented—claims for alleged personal injuries suffered during the course of the Plaintiff's employment with the Defendants. The Defendants argue that the South Dakota worker's

3

compensation scheme is the exclusive place to recover for work-related injuries. The Defendants also contend that, even assuming the Plaintiff could recover for work-related injuries in this case, the Plaintiff failed to timely disclose his expert witnesses in the form required by the Federal Rules of Civil Procedure and, thus, these experts should not be permitted to testify at trial.

The Plaintiff argues that the Defendants' motion for summary judgment is nothing more than a motion in limine,[1] because the motion does not seek summary judgment on the claims presented in the Complaint. The Plaintiff states his claims are for 1) national origin discrimination, 2) Racial Discrimination, 3) violation of the South Dakota Human Relations Act; 4) intentional infliction of emotional distress; and 5) assault and battery. The Plaintiff also argues his experts witnesses should not be excluded, because he provided releases for all his experts to talk to the Defendants' attorney, so the Defendants had access to the same information as the Plaintiff.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of

---

[1] The Defendants acknowledge in their Brief that the arguments they present are also appropriate for a motion in limine. They state they presented the arguments in this context, however, in order to protect their record on this issue. See Defendants' Br. at 2 n.1.

material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth *specific* facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

## DISCUSSION

### A.   Work-Related Injury Claim

The instant motion is unique, for it seeks summary judgment on claims the Plaintiff has not actually presented in the Complaint. The Plaintiff points out that the relief the Defendants request should be presented in a motion in limine, arguing the Defendants have not moved for summary judgment on any claims in the Plaintiff's Complaint. Despite this argument, the Plaintiff also makes the ambiguous statement of "fact" that he has made a claim for personal injuries suffered during his employment, which allegedly were not reported to anyone else

because of the hostile environment the Plaintiff endured.  See doc. #31 ¶ 1.  The Plaintiff does not address the Defendants' arguments that any claim for injuries suffered on the job requires exhaustion of administrative remedies.  Regardless, because the Plaintiff appears to argue that he somehow has properly presented a claim for personal injuries, see id., the Court will address the motion to the extent possible.

Under South Dakota law, "[w]orker's compensation is the exclusive remedy for all on-the-job injuries to workers except those injuries intentionally inflicted by the employer." Harn v. Cont'l Lumber Co., 506 N.W.2d 91, 95 (S.D. 1993).  "Exhaustion of administrative remedies is a fundamental principle of administrative law and jurisprudence that precludes a state court from exerting jurisdiction over a claim that has not yet reached the final stages of the administrative process."  Zuke v. Presentation Sisters, Inc., 589 N.W.2d 925, 929 (S.D. 1999).  "It is a settled rule of judicial administration that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'"  Jansen v. Lemmon Fed. Credit Union, 562 N.W.2d 122, 124 (S.D. 1997) (quoting S.D. Bd. of Regents v. Heege, 428 N.W.2d 535, 539 (S.D. 1988)).

The South Dakota Supreme Court has addressed the "issue of whether a claimant with a worker's compensation claim shall be required to first exhaust her administrative remedies before the department of labor before that claimant will be allowed to bring a bad faith claim for denial of worker's compensation benefits in circuit court."  Zuke, 589 N.W.2d at 929.  The Zuke court was "convinced that Zuke should have presented her claim to the department of labor before proceeding to court with a bad faith cause of action."  Id. at 930.  The court observed that, "[b]efore a trial court may grant relief for a bad faith denial of worker's

6

compensation benefits, it must decide whether the plaintiff is entitled to benefits. This threshold issue must be decided within the worker's compensation forum." Id. Such a requirement, the court observed, furthers the goal of having an entitlement to benefits determined by the state agency with the most experience with such issues, thereby promoting efficiency. Id.

     Based on the above-cited authority and the limited briefing from the parties on this issue, it appears to the Court that claims for injuries suffered while on the job, i.e., worker's compensation claims, must be brought before the South Dakota Department of Labor. All administrative remedies with that agency must be exhausted before a person may bring a court action to recover for those alleged injuries. The Plaintiff has not presented any evidence to demonstrate he made a claim for work-related injury before the Department of Labor. Further, the Plaintiff admitted he never informed the Defendants about any alleged injury he suffered, and the Defendants had no knowledge about such injury until after this litigation began. Thus, it appears this Court is without jurisdiction to entertain a claim seeking damages therefor, assuming such a claim is presented here. However, as noted above, such a claim is not actually contained in the Plaintiff's Complaint. Thus, the Court will do what it is able to do at this point. The Court will "grant" the motion for partial summary judgment as follows: to the extent the Plaintiff in this case has presented a claim for injuries suffered while working for the Defendants, summary judgment will be granted. The Plaintiff has failed to present any evidence that he exhausted his administrative remedies on any such claim. Accordingly, he

may not pursue such a claim in court. Summary judgment therefore is granted on the Plaintiff's claim for work-related injuries.[2]

### B. Expert Witnesses

Next, the Defendants argue that the Plaintiff's experts must be precluded from testifying at trial because the Plaintiff failed to follow the clear requirements for disclosure of expert witnesses in Fed. R. Civ. P. 26.[3] Without expert testimony, the Defendants claim, "it is doubly certain that Plaintiff's personal injury claims arising out of the course and scope of his employment are subject to disposal on summary judgment." See Defendants' Br. at 1-2. The Plaintiff, perhaps realizing that he has no real defense to the Defendants' arguments, submitted a response that is best summarized by this quote: "Procedural rules are guidelines so that courts and cases can run as smoothly and efficiently as possible." See Plaintiff's Br. at 8.

---

[2] The Court notes the Defendants' additional argument, regarding the Plaintiff's failure to present a claim for work-related injury to the EEOC, also would provide a basis for granting the motion for summary judgment. Further, the Defendants argued that the Plaintiff's alleged fear of discrimination did not excuse his failure to pursue state administrative remedies. This argument also is well-taken, and the Plaintiff's alleged fear of discrimination apparently would not serve to excuse his failure to exhaust administrative remedies. See Dong Van Nguyen v. Dobbs Int'l Servs., Inc., 94 F. Supp. 2d 1043, 1052 (W.D. Mo. 2000) (holding plaintiff's tort claims against employer was barred by exclusivity provision of state workers' compensation statute, notwithstanding nexus between the tort claims and the plaintiff's alleged discrimination claims).

[3] As noted above, the Defendants recognize that this argument is more properly brought in a motion in limine. The Plaintiff also claims the Defendants' instant motion actually is a motion in limine. See Plaintiff's Br. at 7. Accordingly, because the parties recognize that a motion in limine was the proper form for this argument, the Court will construe the argument as a motion in limine. See Ryan v. Ill. Dep't of Children and Family Servs., 185 F.3d 751, 760 (7th Cir. 1999) (affirming district court's discretionary treatment of a summary judgment as a motion in limine); Roberts v. United States, 18 Cl. Ct. 351, 358-59 (Cl. Ct. 1989) (treating summary judgment motion as a motion in limine); Moody v. Coliseum Psychiatric Ctr., LLC, No. 5:04-CV-364 (DF), 2006 WL 1652281, at *4 n.3 (M.D. Ga. June 12, 2006) (construing summary judgment motion as motion in limine).

Under Fed. R. Civ. P. 26(a)(2)(A), parties are required to disclose to other parties the identity of any person who might be used at trial as an expert witness. Unless otherwise stipulated by the parties or ordered by the court, this disclosure must "be accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Id. These disclosures must be made at the times directed by the Court. Fed. R. Civ. P. 26(a)(2)(C).

"The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000); see also Fed. R. Civ. P. 26(a)(2) advisory committee's note (stating that the purpose of the expert disclosure rule is to give opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."). Under Fed. R. Civ. P. 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ.P. 37(c)(1).

Pursuant to the Court's Scheduling Order [doc. #18],

7. The identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiff by **July 1, 2005**, and from defendants by **August 1, 2005** . . . . Any expert not so designated will not be permitted to testify at trial.
8. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report shall contain:
    a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
    b. The compensation to be paid for the study and testimony;
    c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;
    d. A complete statement of all opinions to be expressed and the basis and reasons therefor;
    e. The data or other information considered by the witness in forming the opinions; and
    f. Any exhibits to be used as a summary of or support for the opinions.

The Scheduling Order later was amended to provide that "[a]ll discovery, including expert discovery, and all Rule 26(a)(2) information shall be commenced in time to be completed by **December 15, 2005**." See doc. #23.

The evidence before the Court indicates the Plaintiff's expert disclosures, which in this case amounted to a disclosure to the Defendants of the names of the Plaintiff's expert witnesses, did not come close to complying with the requirements set forth in either the Court's Scheduling Order or Rule 26(a)(2). Although the Plaintiff, citing Rule 26(a)(2)(B), asserts that "procedural rules are guidelines," he cites no authority that diminishes the import of the Federal Rules of Civil Procedure to that extent. And, even assuming the Rules are no more than mere "guidelines" to be casually followed or disregarded as a party sees fit, the

Court's orders are not so discretionary for the parties. The Court expects parties to comply with its orders and does not intend the orders simply to act as suggestions that may be ignored.

As noted above, under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The Court's Scheduling Order provided that any expert not designated according to the Order's provisions would not be permitted to testify at trial. See doc. #18 ¶ 7. The Plaintiff has not offered a substantial justification for the failure to make the necessary expert witness disclosures. Nor was the Plaintiff's failure to make the disclosures harmless. Contrary to the Plaintiff's claim, the Defendants have been harmed. The Defendants brought the deficiency to the Plaintiff's attention, specifically informing the Plaintiff of what was needed from the Plaintiff to comply with the requirements of Rule 26. The Defendants repeatedly requested the information required under that Rule. The Defendants noted they would not be in a position to determine whether to depose some of the experts until receiving the reports. The Plaintiff's responses to the Defendants' inquiries was to do more of the same as before: the Plaintiff notified the Defendants of additional experts' names without providing the required information. By now, discovery deadlines have passed, and the best argument the Plaintiff makes is the claim that he "provided signed releases to all expert witnesses listed [] so Defendants could have access to all of the information Plaintiff had. No other reports have been received by the experts listed by Plaintiff." See Plaintiff's Br. at 8. The Plaintiff misses the point. Regardless of what information the Plaintiff demanded or received for his own use, the Federal Rules and the Court's Order required a great deal more be

provided to the Defendants. The Defendants were deprived of the reports and information required under Rule 26(a)(2), despite repeated requests for such information and opportunities for the Plaintiff to deliver what was required. The Defendants also have been deprived of the ability to prepare any sort of defense to the unknown expert evidence the witnesses may present. Despite the Defendants' numerous requests for the Plaintiff to comply therewith, the Plaintiff demonstrated a disregard for the Federal Rules and this Court's Order. Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), the Court will preclude use by the Plaintiff of any expert witnesses who were not properly disclosed under Rule 26(a)(2) and the Court's Scheduling Order. The information before the Court at this time indicates that would mean none of the Plaintiff's experts would be allowed to testify. However, in the event the Plaintiff properly has disclosed an expert witness, in compliance with the Rule 26(a)(2) and the Court's Scheduling Orders, which this Court is unaware of, the Court will consider admitting the expert witness's testimony, subject to other statutory and legal requirements regarding admissibility of expert opinions.

## CONCLUSION

The Plaintiff has not presented evidence to show he exhausted his administrative remedies as to alleged work-related injuries. Thus summary judgment is appropriate on any potential claim for those injuries. Also, to the extent the Defendants have moved to preclude expert testimony, the Court construes the motion for partial summary judgment as a motion in limine. The evidence before the Court shows the Plaintiff did not comply with the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding expert disclosures.

Thus, to the extent the Plaintiff failed to provide such disclosures, the Plaintiff's experts will not be permitted to testify at the trial of this matter. Accordingly, it is hereby

ORDERED that the Defendants' motion for partial summary judgment [doc. #25] is GRANTED.

IT IS FURTHER ORDERED that the Defendants' motion in limine is GRANTED, as more fully explained in the Memorandum Opinion and Order.

Dated this 16th day of August, 2006.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE